Filed 4/29/22  P. v. Windfield CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077857 |
| v. | (Super.Ct.No. FVA900999) |
| KEANDRE DION WINDFIELD, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steven A. Mapes.

Judge.  Affirmed.

David P. Lampkin, under appointment by the Court of Appeal, for Defendant and

Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Keandre Dion Windfield appeals the decision of the San Bernardino County Superior Court not to strike personal firearm use enhancements imposed pursuant to section 12022.53 of the Penal Code.[1]

## BACKGROUND

In 2011, defendant was convicted of one count of murder, one count of attempted murder, and assault with a semi-automatic firearm. The murder and attempted murder counts included firearm enhancements imposed pursuant to former section 12022.53, which made imposition of the enhancements mandatory. He was sentenced to 90 years to life.

Defendant appealed the judgment. (*People v. Windfield* (2021) 59 Cal.App.5th 496 (*Windfield I*).) While his appeal was pending, the Legislature amended section 12022.53 to give sentencing courts discretion with respect to imposing firearm enhancements. (§ 12022.53, subd. (h); Senate Bill No. 620 (2017-1018 Reg. Sess.; Stats. 2017, ch. 682.) We affirmed the judgment but remanded the matter to the trial court with instructions, including a directive that the court consider whether to strike the firearm enhancements in light of the amendment to section 12022.53. (*Windfield I., supra,* at p. 532.)

On remand, the trial court provided an opportunity for the parties to brief the issues in anticipation of the hearing on the remittitur. It also requested a recommendation from the probation department as to whether it should strike the firearm enhancements.

---

[1] All further statutory references are to the Penal Code.

In reply, that department said it would defer to the court's better judgment, explaining it did not have a common practice of making recommendations with respect to the dismissal or striking of enhancements.

At the hearing, the court heard the parties' arguments. It agreed there were important factors in mitigation (such as defendant was only 18 at the time of the crime and he had experienced a horrible childhood). It concluded, however, that those factors did not overcome the totality of circumstances, including the fact a firearm was "the weapon of choice used to deliver death," and declined to exercise its discretion to strike the firearm enhancements. Defendant appealed.

## DISCUSSION

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738 setting forth statements of the case and facts, and three potentially arguable issues:

(1) Whether it was error for the trial court to fail to request an updated probation report before ruling on the request to strike the firearm enhancements;

(2) Whether the record affirmatively demonstrates that the court did not consider defendant's 10 years of post-conviction conduct before ruling on the issue of striking the firearm enhancements; and,

(3) Whether the court's reference to defendant's use of a firearm "to deliver death" indicated a categorical disinclination to strike firearm enhancements in any case in which use of a firearm resulted in a death.

3

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____
                                                              P. J.


We concur:

MILLER_____
                          J.

CODRINGTON_____
                          J.

4